The next case for argument is 24-1220, In Re Jackfrombrooklyn. The issue on appeal in this case is whether or not the term SOREL, S-O-R-E-L, in a stylized non-distinctive format is generic for the goods identified in the application as SOREL, S-O-R-R-E-L. What is the pronunciation? Because I don't know if that would make a difference in this case. Is the generic term SOREL, S-O-R-E-L, and is the stylized mark S-O-R-E-L? I mean, is there a different pronunciation between the two? Well, Appellant in this case certainly argued that the term that they've applied to register is pronounced differently. But as this Court has pointed out— Pronounced how? Say it again. Pronounced how? S-O-R-E-L? So I think that the way that Appellant pronounced it is they said that their term SOREL rhymes with morel like the mushroom. That's the analogy that they used. And then the good SOREL rhymes with the word moral is the way that they've described it. But to your question, Judge Prost, the pronunciation doesn't matter. As this Court recognized in Viterra, there is no correct way necessarily to pronounce a mark. And oftentimes consumers will pronounce a mark differently than the way the trademark owner intended it to be pronounced. Well, what if they had put an E at the end of SOREL? You're right. I mean, these two at least. But you're missing an R in the mark. And what if it had an E at the end? You know, certainly that's not— Does it matter, right? Do they matter? I don't think that that would matter, Your Honor. I think that in that case, you know, there would still be a strong argument that the term would be generic because, you know, you're talking about four letters essentially being the same. And while there might be an E at the end and one R missing, I think that— But that would be something for the Board to inquire into. Certainly. Certainly. But as I said, that is not the case here. The term the applicant applied to register as SOREL, S-O-R-E-L, with no E on the end. The appellant who is not arguing today but who we have as brief, and he seems to emphasize that his product is the first shelf-stable version of the beverage. Does that matter? Does that impact the Board's analysis in this regard? No. No, it does not, Your Honor. You know, as just a general trademark principle when it comes to generic terms, being the first person to invent a product or to enter a market doesn't guarantee you any trademark rights. The ultimate standard is what is the primary significance of that term to consumers. And the reason why being the first person in the market is generally not relevant is because if that was, you know, and you ultimately end up, you know, taking this word away from, you know, potential future competitors who would need that word to be able to describe their product. And so, you know, I think going as far back as at least 1987, and Merrill Lynch, this Court, specifically said that being, you know, a new user or the first person in the market is not something that can defeat genericism and is generally not a relevant consideration. And what if the appellant was selling couches? If the appellant was selling? We're selling couches. Couches? Under this. Oh, that's a very different case, Your Honor. A very different case because in that context, you would be talking about on the one hand, you know, this drink. And on the other hand, you know, furniture that people sit on in a house. So I think that the goods in that case would be, you know, very far afield from each other. And there are decisions from this Court where you can have an identical mark. You can have, you know, a virtually identical mark. And as long as the goods are sufficiently disparate or unrelated, there is no likelihood of confusion issue there or any kind of issue in that regard. And the public here that we were looking at? So, you know, appellant in their reply brief, you know, kind of makes this argument that the USPTO somehow misdefined the relevant public. I don't entirely understand appellant's argument, but what I glean from it is essentially what appellant is suggesting is that the USPTO and really the examining attorney in citing case law for the proposition of who the relevant public is to assess whether or not a term is generic, you know, rather than, you know, quoting from the authority that the examining attorney cited, the examining attorney just kind of gave a summation of the principle in the examining attorney's own words and said that, you know, consumers or purchasers. And it seems like appellant has latched on to that word consuming or consumer and suggested that somehow the USPTO is trying to mislead with that standard. But the fact of the matter is consumer is often a synonym for purchaser in the context of trademark law. And also if you look at, I think it's the sentence right after the sentence that appellant complains about in the… Do you have a page number? I think that this is on page 50501 of the appendix. And so to the extent that appellant is trying to argue that the USPTO misquoted an authority, that did not happen. The USPTO simply used a synonym for purchaser. And if you look at the actual office action at issue and the board's decision, the board is very clear that the relevant public here are the relevant purchasers, which includes purchasers of the goods and prospective purchasers of the goods. And the court doesn't have any more questions. I'm happy to yield the rest of my time. Thank you.